UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUSHER SITE REMEDIATION GROUP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERISURE MUTUAL INSURANCE CO., ) <br> NATIONAL FIRE INSURANCE COMPANY OF ) <br> HARTFORD, ) <br> TRANSPORTATION INSURANCE CO., ) <br> CITIZENS INSURANCE CO. OF AMERICA, ) <br> TRAVELERS INDEMNITY CO., ) <br> EMPLOYERS INSURANCE CO. OF WAUSAU, ) <br> LIBERTY MUTUAL INSURANCE, ) <br> ST. PAUL FIRE AND MARINE INSURANCE ) <br> CO., ) <br> EVEREST NATIONAL INSURANCE CO., ) <br> EVANSTON INSURANCE CO., ) <br> ELKHART METALS CORP., ) <br> INDUSTRIAL PLANT SERVICE INC., ) <br> STURGIS IRON & METAL OF INDIANA, ) <br> ACE PROPERTY AND CASUALTY ) <br> INSURANCE CO., ) <br> ) <br> Defendants. ) | No. 1:21-cv-01923-JPH-TAB |

**ORDER ON PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION**

**I.     Introduction**

Among the motions pending before this Court is Plaintiff Lusher Site Remediation Group's motion for service by publication.  [Filing No. 110.]  Ordinarily, such a motion would not draw an objection or even much notice.  In fact, the Court initially granted the motion.

[Filing No. 113.] However, after the Court did so, the Insurer Defendants[1] objected to Lusher Group's motion two days later at the initial pretrial conference, prompting the Court to vacate its order. [Filing No. 118.] Lively briefing ensued. [*See* Filing Nos. 120, 133, and 139.] Why all the hullabaloo over whether to allow service by publication? The answer can be traced to diversity jurisdiction.

The Lusher Group filed this action in state court against a number of Defendants, seeking insurance coverage for environmental cleanup of a superfund site in Elkhart, Indiana. Defendant Amerisure Mutual Insurance Co. removed this action to this Court based upon diversity of citizenship. The Lusher Group responded by filing a motion to remand the case to state court, which motion remains pending. [Filing No. 58.] The remand motion asserts that the Lusher Group is an unincorporated association of seven members that includes Indiana citizens, and that three Defendants—Elkhart Metals Co., Industrial Plant Services, Inc. ("IPS"), and Sturgis Iron & Metal of Indiana—also are Indiana citizens.[2] As a result, the Lusher Group contends complete diversity is lacking and that remand is required.

The rub is that the Lusher Group has not effected service of process on the Entity Defendants. As a result, in opposition to the Lusher Group's motion to remand, Amerisure argues that remand is not appropriate because the Entity Defendants have not been properly joined and served, and thus their citizenship is irrelevant for diversity purposes. 28 U.S.C. §

---

[1] The "Insurer Defendants" consist of National Fire Insurance Company of Hartford, Transportation Insurance Co., Citizens Insurance Co. of America, Travelers Indemnity Co., Employers Insurance Co. of Wausau, Ace Property and Casualty Insurance Co., Liberty Mutual Insurance, St. Paul Fire and Marine Insurance Co., Everest National Insurance Co., and Evanston Insurance Co.

[2] These three Defendants are referred to as the "Entity Defendants."

1446(b)(2)(A). [Filing No. 78, at ECF p. 14.]³ The Insurer Defendants argue, in fact, that the Lusher Group cannot serve the Entity Defendants because these are corporations that either dissolved nearly 35 years ago or never even existed as independent corporate entities in the first place. [Filing No. 120, at ECF p. 3.] Or as Amerisure more colorfully phrases it, "Merely listing their names as ghost defendants here should have no more effect on diversity jurisdiction than if the Lusher Group had also included the ghost of the famous Hoosier William Henry Harrison." [Filing No. 78, at ECF p. 16.]

As explained below, the Lusher Group has not met the requirements for service by publication set forth in Ind. R. Trial P. 4.6(a)(1),⁴ and service on the Entity Defendants by publication as the Lusher Group requests violates due process. Accordingly, service by publication is not appropriate, and the Lusher Group's motion for service by publication [Filing No. 110] is denied.

## II. Discussion

This case is one of several cases the Lusher Group has filed in an effort to obtain insurance coverage for the environmental cleanup in Elkhart.⁵ Whether there is insurance coverage available under these insurance policies already has been litigated to conclusion in favor of the Insurer Defendants in this Court, *Lusher Site Remediation Group v. National Fire Insurance Company of Hartford*, No. 1:18-cv-03785-JRS-DLP (S.D. Ind.) (the "Original

---

³ Apparently hedging their bets, several Defendants also filed a motion to realign the Entity Defendants as Plaintiffs, which also would ensure complete diversity of citizenship. [Filing No. 77; Filing No. 80.]
⁴ Indiana's trial rules govern the manner of service pursuant to Fed. R. Civ. P. 4(e)(1)
⁵ For a complete history of this litigation, all of which is not directly relevant to Lusher's motion for service by publication, *see* Amerisure's brief in opposition to Plaintiff's motion for remand. [Filing No. 78, at ECF p. 6-9.] Amerisure refers to this litigation as the "Lusher Group's Litigation Wave." [Filing No. 78, at ECF p. 6.]

Action"),[6] as well as in state court in Michigan.  *Amerisure Mutual Insurance Company v. Sturgis Iron and Metal Co., Inc*., No. 2018-169816-CB (Mich. Cir. Ct.).[7]

In the Original Action, Judge Sweeney denied a motion by the Lusher Group to remand that action.  *See* Order on Motion to Remand, *Lusher Site Remediation Group*, 1:18-cv-03785-JRS-DLP (S.D. Ind.), at Filing No. 147.[8]  In this case, the Lusher Group again finds itself facing formidable opposition to its attempt to remand this action to state court.  More important for the purposes of this order, the Insurer Defendants again contest the Lusher Group's attempts at service.  Specifically, the Insurer Defendants argue that the Lusher Group has not satisfied the requirements for allowing service by publication, and under the circumstances of this case to allow service by publication would violate due process.

Ind. R. Trial P. 4.6(A)(1) provides: "Service upon an organization may be made as follows: (1) In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent*." Yashar'al v. City of Indianapolis*, No. 1:20-cv-02988-SEB-MPB, 2021 WL 3603446, at *3 (S.D. Ind. Aug. 13, 2021) ("Indiana law requires that service be made 'on the proper person'").  Ind. R. Trial P. 4.13 provides the person seeking to effect service by publication must show by affidavit "that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state…."  To satisfy the requirements of

---

[6] The case is on appeal to the Seventh Circuit Court of Appeals. [Filing No. 204.]

[7] The Lusher Group also filed a similar action in the Northern District of Indiana, but dismissed that case and refiled the case in Marion Superior Court.  Defendants removed that case (referred to above as the "Original Action") to this Court. The Original Action sought declaratory relief for environmental liabilities of and involved identical parties to this action, with the exception of the Entity Defendants.

[8] Amerisure represents to the Court, without citation to the record, that Judge Sweeney has denied two of the Lusher Group's requests to remand.  [Filing No. 78, at ECF p. 8.]  However, in reviewing the Original Action's docket, the Court could only locate one order.  [Filing No. 147.]

due process, notice of the case must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950).

In the case at hand, the Lusher Group claims to have served certain representatives of the Entity Defendants. [Filing No. 110]. However, the Lusher Group has not located any actual executive officers or registered service agents of those Entity Defendants. The Lusher Group's motion to serve by publication fails to provide any detail regarding whether these alleged representatives have been located, much less whether they are even alive. Tellingly, the Insurer Defendants point out that the individuals the Lusher Group is trying to serve are the same individuals it tried (unsuccessfully) to serve in the Northern District action, and the affidavits for service on those individuals the Lusher Group filed in the Northern District action were submitted a year and a half ago. [Filing No. 120, at ECF p. 8.] Among other problems, the "Donald W. Smith" the Lusher Group attempted to serve as the representative for IPS is apparently deceased. [Filing No. 120, at ECF p. 9.] In addition, the Lusher Group has provided no evidence that the "David Johnson" it attempted to serve on behalf of Elkhart Metals was an executive officer or other representative of that entity. [Filing No. 120, at ECF p. 9-10.] And as the Insurer Defendants further highlight, it should come as no surprise that Sturgis has not been served given that Sturgis of Indiana was never incorporated in Indiana or any other state. Sturgis might be a name under which an entity did business, but at least according to the Insurer Defendants, Sturgis is not a jurisdictional person. [Filing No. 120, at ECF p. 11.]

In response to the serious shortcomings in service raised by the Insurer Defendants, the Lusher group filed a reply brief that included a slew of exhibits, including a supplemental

5

affidavit of Elizabeth S. King,[9] who has assisted with attempts at serving Defendants. [Filing No. 132; Filing No. 133.] Putting aside any issues regarding the Lusher Group submitting these materials for the first time in its reply brief,[10] the submission fails to address the valid concerns the Insurer Defendants raised.

      First, the Insurer Defendants note the shortcomings inherent in the Lusher Group's attempt to serve IPS by service on "Morton M. Dobbins," denoted as IPS's secretary on a 1985 agreement for the purchase and sale of assets. Apparently, the Lusher Group attempted service on what that agreement represents to have been Dobbins' home address as of 1985 (over 35 years ago). King states in her affidavit that the summons sent to Dobbins was forwarded to another address, but the Lusher Group fails to clarify exactly what address that is, or whether Dobbins ever received the summons. [Filing No. 132-1, at ECF p. 3; Filing No. 133, at ECF p. 3.] The Insurer Defendants did some research of their own, and represent that a "quick internet search for Morton Dobbins readily returns information about his telephone number and different addresses for him." [Filing No. 139, at ECF p. 3.]

      The same fact pattern applies with respect to the Lusher Group's attempt effect service on Elkhart Metals. Once again, a 1985 agreement serves as the basis for the Lusher Group determining how it would go about serving Elkhart Metals. Once again, that agreement identifies Dobbins as secretary of Elkhart Metals. And once again, there is nothing in the record to establish that service was ever made on Dobbins or anyone else on behalf of Elkhart Metals.

---

[9] King is a case manager with the law firm of Plews Shadley Racher & Braun that represents the Lusher Group.

[10] The Court allowed the Insurer Defendants the opportunity to file a sur-reply brief [Filing No. 139], thereby minimizing any prejudice to the Insurer Defendants in the Lusher Group's failure to include these materials with its motion for service by publication, which also included an affidavit from King and multiple exhibits. [Filing No. 109.]

The outlook for service on Sturgis is similarly bleak. In seeking remand, the Lusher Group took the position that Sturgis of Indiana is neither a corporation nor a limited liability company. [Filing No. 59, at ECF p. 10.] However, when the Insurer Defendants pointed this out to the Court in their response opposing service by publication, the Lusher Group switched gears and speculated that Sturgis of Indiana may be an unincorporated organization. [Filing No. 133, at ECF p. 6 at n.1.] The Court declines to similarly speculate with the Lusher Group in determining whether to permit service by publication. Instead, the Court rests its decision on facts. And the facts are these: The Lusher Group conflates Sturgis of Indiana with Sturgis Iron and Metal Co., Inc., a dissolved and bankrupt Michigan corporation. As the Insurer Defendants aptly describe the situation on their sur-reply:

> Lusher Group first discusses the purchase agreements between Elkhart Metals and IPS and Sturgis Iron and Metal Co., Inc., not Sturgis of Indiana. Lusher Group states that Delmar Richmond, identified as Secretary of Sturgis Iron and Metal Co., Inc., attested the signature of Ralph Levin, who is identified on the agreements as President of Sturgis Iron and Metal Co., Inc. Lusher Group then states that it sent the Summons and Complaint for Sturgis of Indiana to what it believes to be the home address for Mr. Richmond, who was the Secretary for Sturgis Iron and Metal Co., Inc., not Sturgis of Indiana. The Summons and Complaint sent to Mr. Richmond were returned with a note of "Addressee Unknown," which is not surprising because Mr. Delmer Richmond is deceased. He died on April 27, 2014, in Fort Wayne, Indiana as shown by his obituary obtained through a Google internet search.

[Filing No. 139, at ECF p. 5] (citations, bold, and footnotes omitted).

Lusher Group also attempted to serve Sturgis of Indiana by mailing a summons to David Johnson, the purported founder of Sturgis Iron & Metal Co., Inc. [Filing No. 58-1 at. ECF p. 82, ¶ 3]. But as previously discussed, Sturgis Iron & Metal Co., Inc., is a bankrupt and dissolved Michigan corporation that did business in Indiana. There simply is no basis for the Court to conclude that Sturgis Iron & Metal Co., Inc. is the proper entity for service on Sturgis of Indiana. As a result, service on Johnson—the purported

7

founder of Sturgis Iron & Metal Co., Inc.—does not satisfy the requirements of Indiana Trial Rule 4.6 for serving Sturgis of Indiana.

The Lusher Group seeks to effect service by publishing the summons and complaint in *The Elkhart Truth* and the *South Bend Tribune*. [Filing No. 133, at ECF p. 9.] Based upon the foregoing, the Court is wholly unconvinced that doing so is appropriate. Ind. R. Trial P. 4.13 conditions service by publication on the Lusher Group making a diligent search for the proper person upon whom to effect service, which must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action…." *Mullane*, 339 U.S. at 314. Relying in relevant part on *Mullane*, the Indiana Court of Appeals stated, "[M]inimal or perfunctory efforts to locate a party are insufficient to justify service by publication, and [that] if initial attempts to locate or serve a party are fruitless, the circumstances may require more effort to locate the party instead of proceeding directly to service by publication." *Hair v. Deutsche Bank Nat. Tr. Co.*, 18 N.E.3d 1019, 1023 (Ind. Ct. App. 2014). Flatly stated, the circumstances here require more effort from the Lusher Group.

### III. Conclusion

It is somewhat unusual to have such extensive briefing on whether to allow service by publication. Given what that spirited briefing has revealed, however, the Insurer Defendants have raised legitimate concerns regarding the steps the Lusher Group has made—or failed to make—to effect service of process on the Entity Defendants. This Court's diversity jurisdiction is implicated by the question of whether to allow service by publication, further suggesting that the Lusher Group's request should be carefully scrutinized.

There are inherent problems in trying to serve entities that either ceased to exist nearly 35 years ago, or perhaps, never existed at all. While mindful of these difficulties, the Court nevertheless concludes at this juncture that the Lusher Group has not met the requirements for service by publication set forth in Ind. R. Trial P. 4.6(a)(1). Moreover, allowing service on the Entity Defendants by publication would violate due process. Accordingly, the Lusher Group's motion for service by publication [Filing No. 110] is denied.

Date: 1/3/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Stephen P. Brown
PLUNKETT & COONEY PC
sbrown@plunkettcooney.com

Charles W. Browning
PLUNKETT & COONEY, P.C.
cbrowning@plunkettcooney.com

Clinton E. Cameron
CLYDE & CO US LLP
clinton.cameron@clydeco.us

Lyle R. Hardman
HUNT SUEDHOFF KALAMAROS
lhardman@hsk-law.com

Christopher Patrick Hemphill
COHN BAUGHMAN & SERLIN
christopher.hemphill@mclolaw.com

Sean M. Hirschten
PLEWS SHADLEY RACHER & BRAUN LLP
shirschten@psrb.com

Kimbley A. Kearney
CLAUSEN MILLER PC
kkearney@clausen.com

Lauren Beth McMillen
PLUNKETT COONEY, P.C.
lmcmillen@plunkettcooney.com

Thao Trong Nguyen
PLEWS SHADLEY RACHER & BRAUN LLP
tnguyen@psrb.com

Nicole C. Ruggirello
PLUNKETT COONEY (Bloomfield Hills)
nruggirello@plunkettcooney.com

Katherine L. Shelby
PAGANELLI LAW GROUP
kshelby@paganelligroup.com

Joanne Rouse Sommers
PLEWS SHADLEY RACHER & BRAUN LLP
jsommers@psrb.com

Edward J. Tafe
CNA COVERAGE LITIGATION GROUP
edward.tafe@cna.com

James M. Weck
CLAUSEN MILLER P.C.
jweck@clausen.com

Nicole E. Wilinski
COLLINS EINHORN FARRELL PC
nicole.wilinski@ceflawyers.com